IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIGUEL A. CAMPUSANO-TEJEDA, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-103-CFC |
| BETH D. SAVITZ, et al., | : |
| Defendants. | : |

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Miguel A. Campusano-Tejeda ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) On June 8, 2020, the Court screened and dismissed the Complaint pursuant to the Prison Litigation Reform Act. (D.I. 12, 13) Plaintiff has filed a motion for reconsideration, a motion for my recusal, and a request for counsel. (D.I. 14, 15, 16) The Court turns first to the motion for recusal.

**II.    RECUSAL**

Plaintiff questions my impartiality and seeks my recusal pursuant to 28 U.S.C. § 455. (D.I. 15) Plaintiff describes the Memorandum Opinion issued on June 8, 2020 as "horrendous" and refers to his motion for reconsideration wherein he outlines and corrects what he perceives as numerous errors of facts and law cited in the Memorandum Opinion.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with

1

knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004).   Under § 455(b) (1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.   Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. *Id.* at 555-56.   Plaintiff is clearly dissatisfied with, and objects to, the Memorandum Opinion and Order that dismissed his case; but a reasonable, well-informed observer would not believe that my ruling was based on impartiality, bias, or actual prejudice.   Thus, neither § 455(a) nor § 455(b)(1) requires my recusal.   Accordingly, I will deny the motion.   (D.I. 15)

## III.   MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the June 8, 2020 Memorandum Opinion and Order on the grounds that the conclusions are "in error of fundamental soundness of the rule of law and evidence, and conducted with partiality from the bench."   (D.I. 14 at 1)

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact

2

or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The Court has reviewed Plaintiff's motion for reconsideration that provides great detail on why he believes reconsideration is appropriate.[1] Plaintiff asserts that: (1) he made proper claims against Defendants Shah and Haley; (2) the judicial defendants are not entitled to judicial immunity; (3) prosecutorial immunity is not appropriate; (4) his claims do not meet habeas corpus standards, (5) the Complaint

---

[1] While signed by Plaintiff, the body of the motion was written by another inmate, who is a frequent filer, and whose handwriting is very familiar to the court.

3

properly states harassment, retaliation claims, and equal protection claims; and (6) the Complaint does not allege respondeat superior liability.

The Court has once again reviewed the Complaint, the applicable law and the Memorandum Opinion and Order at issue, and analyzed the issues while considering Plaintiff's motion. Upon review, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's June 8, 2020 Memorandum and Order. Therefore, the motion for reconsideration will be denied. (D.I. 14)

## IV. REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he is unable to afford counsel, is Spanish speaking and the inmate who has assisted him is no longer available, and he is illiterate in the merits of law. (D.I. 16)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the

---

[2]See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

4

merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

Upon screening, the Court concluded that Plaintiff's claims do not have arguable merit in fact and law and, hence, he has failed to meet the threshold inquiry. Representation by counsel is not appropriate and, therefore, the motion will be denied.

## V.   CONCLUSION

For the above reasons, the Court will deny Plaintiff's motions.   (D.I. 14, 15, 16) An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

January _19_, 2021
Wilmington, Delaware